# UNITED STATES DISTRICT COURT
## District of Maine

| | | |
|---|---|---|
| CAMDEN NATIONAL BANK, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| | ) | No. 2:19-cv-00259-JAW |
| v. | ) | |
| | ) | |
| | ) | |
| SARAH HOLLOWAY, M/V, *in rem*, | ) | |
| & THOMAS HAPPELL, *in personam,* | ) | |
|     Defendants. | ) | |

## ORDER ON BILL OF COSTS

In this admiralty action to enforce a maritime lien against a vessel, the vessel sued in this case was arrested by warrant, a process that was consented to by Defendants. *Warrant and Order*, ECF No. 12. The Court further ordered the appointment of Rockland Marine to serve as a substitute custodian of the vessel for the U.S. Marshals Service. *Order*, ECF No. 13. Following a consent motion for judgment, the Court entered judgment in favor of Plaintiffs and ordered the sale of the vessel. *Orders*, ECF Nos. 14 & 15 and *Judgment*, ECF No. 16. The judgment in this case awards $369,028.99 and "any further accrued charges, interest, attorney's fees along with cost and process of maritime arrest and sale." *Judgment*, ECF No. 16.

As the prevailing party, Plaintiff has filed a Bill of Costs pursuing the taxation of costs against Defendants in the amount of $27,101.72 for fees of the Clerk, for fees related to service of process and for "other costs" associated with the

custody and sale of the vessel. *Bill of Costs*, ECF No. 36. Defendants have not objected.

Prevailing parties are entitled to move for an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides in pertinent part: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." But the term "costs," as used in Rule 54(d)(1), is defined by the comprehensive listing of allowable costs in 28 U.S.C. § 1920. The Court is limited by that statute and may only award those costs explicitly authorized by it. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-445 (1987).

Since the first subdivision of section 1920 permits the taxation of "[f]ees of the Clerk and Marshal," the Clerk will tax a total of $1,900 against Defendants for the $400 fees of the Clerk and the $1,500 for U.S. Marshals fees. 28 U.S.C. § 1920(1).

Based on the supporting documentation and affidavit of counsel (*Bill of Costs*, ECF Nos. 36 and 36-1), the "other costs" claimed by Plaintiff appear to be advertising costs, custodial fees and expenses, and auction company fees[1] which are not enumerated as allowable costs under 28 U.S.C. § 1920. Where these "other costs" are not expressly authorized by 28 U.S.C. § 1920 and where the Clerk has a duty to independently review the claims for taxation [*See* D. Me Loc. R. 54.3: "…and the Clerk shall tax the costs *which appear properly claimed*." (*emphasis added*)], the

---

[1] The Clerk notes that there appears to be some disparity between the costs claimed on Page 3 of the Bill of Costs the figure claimed in Page 1 of Counsel's affidavit. Contrast *Bill of Costs*, ECF No. 36, p. 3 and 36-1, p. 1.

Clerk hereby refers the other costs claimed in the Bill of Cost to the Court for its determination. If the Court determines that they are proper and attributable, the other costs may be ones that are properly ordered under the terms of the Judgment in this case or using the Court's equitable powers.

ORDER

The Clerk of Court hereby taxes costs in favor of Plaintiff in the amount of one thousand nine hundred dollars ($1,900).

IT IS SO ORDERED.

/s/ Christa K. Berry<br>Clerk

Dated this 9th day of October 2019.